## FARMERS' COTTON FINANCE CORPORATION v. COLLINS. (No. 2216.)

Court of Civil Appeals of Texas. El Paso.
Sept. 27, 1928.

Davis, Tittmann, Roche & Miranda, of El Paso, for appellant.

Isaacks & Lattner, of El Paso, for appellee.

HIGGINS, J. Appellee, Mrs. Leatrice Collins, owned a small farm in El Paso county, which she rented to Mr. and Mrs. C. Myhre for the year 1927; the latter agreeing to pay a rental of $750, payable as follows; $250 when possession was delivered, $250 on June 1st, and like amount on October 1st of said year. The first two payments were made as agreed. On June 20, 1927, Mrs. Collins executed and delivered to the Farmers' Cotton Finance Corporation, appellant, a waiver which reads:

"Waiver of Landlord's Lien.

"For the purpose of inducing the mortgagee herein, Farmers Finance Cotton Corporation, to loan my tenants, Mr. and Mrs. C. Myhre, certain monies, I do hereby waive my landlord's lien, or any other lien I may have upon the first eight bales of cotton gathered from my place located one-half mile from Ysleta, in El Paso County, Texas, on the North-Loop Road, and known as the Collins' place, in favor of the said mortgagee, and do agree that the said mortgagee shall have a first lien on said eight bales of cotton, and that said mortgagee may sell said cotton at its market price, but any excess received therefor over the sum of $320.00 shall be paid to me, or to the said, Mr. and Mrs. O. Myhre through me."

The payment due October 1st was not made, and this suit was later filed by Mrs. Collins against appellant to recover the sum of $250, with interest.

After setting up the rental contract, the allegations of the petition briefly stated are as follows: On June 20, 1927, defendant was negotiating with her tenants to advance them money and buy from them for future delivery eight bales of cotton to be raised on the farm, and requested plaintiff to waive her landlord's lien on the first eight bales of cotton, which she did upon the condition that defendant would agree to see that the tenants would deliver said eight bales to it, and that it would account to her for the value of such cotton in excess of $320, the amount advanced to the tenants, to all of which defendant agreed, wherefore she felt secure in the rental balance due her, knowing that the value of said eight bales, in excess of said $320, would be sufficient to pay the $250 due plaintiff; that defendant had secured said cotton and either paid her tenants therefor, or still retained the value thereof, wherefore defendant was liable for said $250.

It was further alleged that, if plaintiff was mistaken as to the amount of cotton actually delivered to defendant by the tenants, then such tenants gathered more than enough to pay the $320 due appellant and the $250 rent due plaintiff, and, if same was not delivered to defendant, it was due to its fault and negligence in not having same delivered, as it had promised and agreed to look after the cotton and see that same was delivered to the extent of eight bales, and on account of its negligence in not procuring such cotton plaintiff had been damaged in the sum of $250.

The case was tried without a jury, and judgment rendered in plaintiff's favor for $250, with interest.

Omitting undisputed facts, the trial court's findings were as follows:

"I find that the plaintiff called on the defendant in person and by telephone several times in regard to the collection of her said rents and that at all of said times she was assured by defendant that she was protected in her rents; she was also informed by them that they had received six bales of cotton from her said land and that she was secure in the collection of her rent and that she need not worry;

"I also find that said defendant informed and told Judge S. J. Isaacks, her attorney, that they had received six bales of cotton from her farm;

"I also find that the plaintiff relying on these statements made no further effort to collect her rents and made no further investigation into the matter. * * *

"I find that the defendant has actually received four bales of cotton off of said premises and that at the price received therefor, there is only a small amount of money in their possession in excess of the amount loaned and advanced to the said Myhres."

The court's conclusion of law reads:

"I conclude, as a matter of law, that the defendant having assured plaintiff that they had sufficient cotton in their possession belonging

to her tenants to insure her the collection of her said rent, amounting to the sum of $250.00, and thereby having lulled plaintiff into inactivity in the collection of her said rents, are liable to the plaintiff for said sum of. money and, therefore, render judgment accordingly."

It will be observed, from the statement of the plaintiff's pleading, she based her action upon the alleged assumption by appellant of the obligation to see to it that the tenants delivered to appellant the eight bales of cotton which they contracted to deliver. The court made no finding with respect to the agreement alleged. There is no evidence of such an agreement. The plaintiff's suit to recover the full sum of $250 therefore fails for want of evidence to support the same. In the absence of such an agreement, the appellant rested under no obligation to plaintiff to see that eight bales of cotton were delivered to it by the tenants. The conclusion of law upon which the trial court based its judgment is foreign to any issue presented by the pleadings.

For the reasons indicated, the judgment must be reversed, but the court found defendant actually received four bales of cotton from the tenants. The defendant's witnesses admit this amount of cotton was received and sold for $382.11. Appellant is liable under its contract to account to the plaintiff for this amount, less the $320 which it advanced to the tenants.

The judgment is reversed and here rendered in favor of the plaintiff for $62.11, with 6 per cent. interest per annum from November 1, 1927.

Reversed and rendered.